# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
#### Wichita Falls Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 7:18-CR-00020-O(09) |
| | U.S. Marshal's No.: 57418-177 |
| CHADRICK DESHAWN MCBRIDE | Shawn Smith, Assistant U.S. Attorney |
| | Catherine Dunnavant, Attorney for the Defendant |

On September 20, 2018 the defendant, CHADRICK DESHAWN MCBRIDE, entered a plea of guilty as to Count One of the Amended Information filed on September 19, 2018. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance | 12/01/2017 | One |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count One of the Amended Information filed on September 19, 2018.

Upon Motion of the government, all remaining Counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed February 4, 2019.

_____
REED O'CONNOR
U.S. DISTRICT JUDGE

Signed February 5, 2019.

Judgment in a Criminal Case                                                                                                    Page **2** of **4**
Defendant:  CHADRICK DESHAWN MCBRIDE
Case Number:  7:18-CR-00020-O(9)

## IMPRISONMENT

The defendant, CHADRICK DESHAWN MCBRIDE, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **One Hundred Forty-Four (144)** months as to Count One of the Amended Information filed on September 19, 2018.  This case is to run concurrently with any pending drug warrants/cases out of Wilbarger County, Texas.

The Court recommends to the BOP that the defendant be allowed to participate in the Residential Drug Treatment Program, if eligible. The Court further recommends that the defendant be housed at an FCI facility within the Northern District of Texas area, if possible.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **Five (5) years** as to Count One of the Amended Information filed on September 19, 2018.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1)   not leave the judicial district without the permission of the Court or probation officer;
( 2)   report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3)   answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4)   support the defendant's dependents and meet other family responsibilities;
( 5)   work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6)   notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7)   refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8)   not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9)   not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)   permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11)   notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12)   not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and,

Judgment in a Criminal Case                                                                                         Page **3** of **4**
Defendant:  CHADRICK DESHAWN MCBRIDE
Case Number:  7:18-CR-00020-O(9)

(13)   notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

report in person to the U.S. Probation Office in the district to which the defendant is released from custody of the Federal Bureau of Prisons, or in which the defendant makes entry into the United States, within 72 hours of release or entry;

abstain from the use of alcohol and all other intoxicants during the term of supervision; and,

participate in a program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $20 per month.

**FINE/RESTITUTION**

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

Judgment in a Criminal Case                                                                                                   Page **4** of **4**
Defendant:  CHADRICK DESHAWN MCBRIDE
Case Number:  7:18-CR-00020-O(9)

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal